

2009 Decisions

Opinions of the United States Court of Appeals for the Third Circuit

1-26-2009

# USA v. Isaac Barlow

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1370

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Isaac Barlow" (2009). *2009 Decisions.* Paper 1988.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1988

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

---

Nos. 08-1370, 08-1388

---

UNITED STATES OF AMERICA

v.

ISAAC BARLOW, a/k/a Chin,

Appellant in 08-1370.

---

UNITED STATES OF AMERICA

v.

ALFREDO PAYNE, a/k/a Fredo,

Appellant in 08-1388.

---

Appeal from the Order of the United States District Court
for the District of New Jersey
(D.C. Crim. Nos. 06-cr-00694-001 and 06-cr-00694-002)
District Judge: Honorable Freda Wolfson

Submitted Under Third Circuit L.A.R. 34.1(a)
on January 8, 2009

---

Before: FUENTES, FISHER, and ALDISERT, Circuit Judges

(Filed: January 26, 2009)

OPINION

FUENTES, Circuit Judge:

Isaac Barlow and Alfredo Payne (collectively "Defendants"), appeal their respective convictions for various drug conspiracy charges. On appeal, Defendants argue that they were denied a fair trial. Because we find the arguments asserted by Defendants without merit, we will affirm.[1]

The facts of this case are lengthy and complicated. In short, Defendants were members of a street gang in Trenton. Between November 2005 and March 2006, they were arrested for dealing crack, cocaine, heroin, and marijuana on multiple occasions by both state and federal authorities. These arrests resulted from testimony of confidential informants who recorded drug transactions, as well as cooperation from another gang member after Barlow tried to kill him. The police recovered an inordinate amount of incriminating evidence incident to these arrests.

While in pre-trial detention, Barlow talked to another federal prisoner at length about the charges against him. The prisoner, familiar with the role of a cooperating witness, kept notes of the incriminating statements, and notified the FBI. In addition,

[1]The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

Barlow called his wife from jail several times, during which he admitted critical facts and discussed efforts to silence government witnesses. Payne, also incarcerated, sent letters to Barlow, discussing trial strategy and admitting several critical facts. He apparently was unaware that mail to and from inmates is reviewed by prison authorities.

Barlow and Payne were each convicted of several drug and conspiracy offenses after a jury trial in June 2007. Barlow was sentenced to life imprisonment, with concurrent terms of 240 months' imprisonment. Payne was sentenced to three concurrent terms of 120 months' imprisonment. Each appeals his judgment of conviction. On appeal, Barlow argues that testimony about gang-related activity as evidence of the conspiracy was in error and unduly prejudicial. He also argues that the phone conversations with his wife from the jail were privileged. Payne argues that the District Court erred by admitting his prior state drug arrests as evidence of overt acts of the charged conspiracy. Like Barlow, Payne also argues that the testimony relating to gang-related activity was irrelevant as evidence of overt acts of the conspiracy charge.[2]

Brandon Beck, who cooperated with the government after Barlow tried to kill him, testified about Barlow's drug-trafficking operation, as well as Barlow's use of guns in furtherance of the charged conspiracy. The District Court's admission of Beck's

[2]Barlow failed to object to much of the evidence about which he now complains, which we review for plain error. United States v. Gambino, 926 F.2d 1355, 1362-63 (3d Cir. 1991). With regard to Defendants' remaining evidentiary arguments, we review for abuse of discretion. United States v. Lore, 430 F.3d 190, 207 (3d Cir. 2005).

testimony was neither an abuse of discretion, nor plain error. Beck's testimony was unquestionably relevant. Moreover, while this evidence was prejudicial, it was not unfairly prejudicial under Federal Rule of Evidence 403. See United States v. Bobb, 471 F.3d 491, 497 (3d Cir. 2006) ("Even if [evidence] is extremely prejudicial to the defendant, the trial court would have no discretion to exclude it because it is proof of the ultimate issue in the case.") (internal quotation marks omitted). Similarly, the District Court's admission of Payne's prior state drug convictions was not an abuse of discretion, because this evidence was both relevant and probative of the charged conspiracy.

Defendants also argue that the District Court abused its discretion when it did not grant their motion for a mistrial following a fleeting, general comment in the gang expert's testimony about the types of criminal activity in which Defendants' street gang engaged. We disagree. After Defendants objected to the testimony, several minutes after the prosecutor asked and the witness answered the question at issue, the District Court struck the comment from the record and, in an abundance of caution, issued a curative jury instruction. This was more than enough to cure any prejudice, assuming the comment was prejudicial in the first place. Regardless, the record demonstrates overwhelming evidence of Defendants' guilt, even without the expert's comment. In other words, his testimony regarding this conduct did not affect the outcome of this case.

Finally, Barlow objects to the admission of his phone conversations with his wife from jail, during which he discussed attempts to silence government witnesses. Barlow

claims these conversations are privileged. His contentions are completely without merit.

See, e.g., Bell v. Wolfish, 441 U.S. 520, 545-46 (1979) ("[S]imply because prison inmates retain certain constitutional rights does not mean that these rights are not subject to restrictions and limitations. Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.") (internal quotation marks omitted).

For the foregoing reasons, we will affirm Defendants' convictions.